CARROLL, Judge
(dissenting).
I respectfully dissent, and would reverse the order striking the motion to dismiss filed by the defendant City of Miami.
The motion to dismiss should have been considered by the trial court and either granted or denied, unless ruling thereon was deferred until the trial.[1]
The order striking the motion to dismiss recited that it appeared to the trial court “that the motion to dismiss is not in compliance with Rule 1.11(b) of the 1966 Rules of Civil Procedure.”
The city’s motion to dismiss stated one ground, which was No. 6 of the grounds *33 expressly authorized and listed in the rule, to-wit: That the complaint failed to state a cause of action. The motion then set forth in six paragraphs the grounds and matters of law to be argued by the city in support of the stated ground.
Rule 1.11(b) does not prescribe the form or content for the required inclusion in the motion of the supporting grounds and matters of law relied upon, other than to provide that they shall be stated specifically and with particularity in the motion. Therefore, the fact that the supporting grounds and legal contentions which the defendant set out in such a motion to dismiss are numerous or lengthy would not appear to be reason for striking the motion, particularly since the rule provides that upon hearing the motion the party moving to dismiss will be limited in argument to those so stated in the motion.
In affirming the order, the majority holds that striking the motion to dismiss was not an abuse of discretion inasmuch as the order provided that the city could file a further responsive pleading within ten days. I can not agree.
Assuming the leave granted was to file another motion to dismiss, if the city should file a second motion to dismiss on the same ground and supporting legal reasons (which are the ones on which it wishes to rely in challenging the sufficiency of the complaint) it could only expect the second motion to be stricken as was the first, since the order did not state wherein the latter was defective as to form or content.
The motion to dismiss which the city filed may or may not be regarded by the trial court as having merit when heard, but the city was entitled to challenge the sufficiency of the complaint on an authorized ground supported by such legal arguments as it chose to set forth in its motion to dismiss; and having filed its motion to dismiss was entitled to a ruling thereon.
In my opinion the trial court improperly struck the city’s motion to dismiss, and that error was not alleviated or rendered harmless by granting leave to file a further “responsive pleading.”

. Rule 1.11(d) F.R.C.P. provides: “The defenses 1 to 7, subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment or decree mentioned in subdivision (c) of this Rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof shall be deferred until the trial.”